UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LESTER WATTS,                      )
                                   )
            Plaintiff,             )        9:08CV92
                                   )
      v.                           )
                                   )
GEORGE PATAKI; GEORGE B.           )    MEMORANDUM AND ORDER
ALEXANDER, NYS EXEC. DEPT.         )
DIVISION OF PAROLE; BRIAN          )
FISCHER, COMMISSIONER, NYS         )
DOCS; SALLY A. THOMPSON,           )
COMMISSIONER; JENNIFER ARENA,      )
COMMISSIONER; VANESSA A.           )
CLARKE, COMMISSIONER,              )
                                   )
            Defendants.            )
_____)

## INTRODUCTION

        This matter is before the Court on defendants'[1] motion

to dismiss for lack of subject matter jurisdiction and failure to

state a cause of action pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6) (Filing No. 27).  Upon review,

the Court finds the motion should be granted in part and denied

in part.

## BACKGROUND

        Plaintiff was convicted of Criminal Sale of a

Controlled Substance in the Third Degree and Criminal Possession

of a Controlled Substance in the Third Degree and sentenced to

two concurrent indeterminate 5 to 10 year terms of imprisonment

_____

        [1] Defendant Pataki only moves to dismiss the claims asserted
against him in his official capacity (*See* Filing No. 33).

on January 2, 2002 (Filing No. 4, Ex. E at CM/ECF 19, Ex. F at CM/ECF 22).  During all times relevant to the amended complaint, plaintiff was incarcerated at Bare Hill Correctional Facility and held in the custody of the New York State Department of Correctional Services ("DOCS") (Filing No. 11 at 1-2; Filing No. 4, Ex. F at CM/ECF 22).  During his incarceration, plaintiff was issued an earned eligibility certificate (Filing No. 4, Ex. E at CM/ECF 20).

In 2004, plaintiff appeared before a Merit Board for parole release consideration, and merit release was denied (Filing No. 4, Ex. C at CM/ECF at 15-16).  Plaintiff became eligible for regular parole consideration in 2005 and appeared before his initially scheduled appearance; parole was denied (Filing No. 4, Ex. D at CM/ECF at 17-18).  Plaintiff re-appeared before the Parole Board on September 4, 2007, and parole was again denied (Filing No. 4, Ex. E at CM/ECF at 19-20).

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, claiming the procedures used during his September 4, 2007, parole hearing and the repeated denials of parole violated his rights under the Sixth, Fourteenth, and Eighth Amendments of the Federal Constitution and due process and equal protection provisions of the New York State Constitution.  The defendants are sued in their individual and official capacities, and include the following individuals:  Sally Thompson, Jennifer Arena, and

-2-

Vanessa Clarke, the Parole Board Commissioners who presided over plaintiff's September 4, 2007, parole hearing; George Alexander, Chairman of the DOCS Division of Parole; George Pataki, who was Governor of New York at all times relevant to the Second Amended Complaint; and Brian Fischer, Commissioner of DOCS (Filing No. 11 at 24; Filing No. 27-2 at CM/ECF 4).  The amended complaint seeks monetary relief, including punitive damages, a new parole hearing, and an order directing DOCS and the New York Division of Parole to release plaintiff from confinement (Filing No. 11 at 19, 24).

**STANDARD OF REVIEW**

When considering a motion under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the Court ". . . must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009).  "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'"  *Leonard F. v. Israel Discount Bank,* 199 F.3d 99, 107 (2d Cir. 1999)(quoting *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)).  To survive a Rule 12(b)(6) motion

to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

### I. PLAINTIFF'S CLAIMS AGAINST THOMPSON, ARENA, AND CLARKE

Plaintiff alleges Thompson, Arena, and Clarke are liable under § 1983 for the procedures used during plaintiff's parole hearing.  In particular, plaintiff alleges Thompson, Arena, and Clarke's decision to deny parole violated plaintiff's constitutional rights because it was based on false information in plaintiff's prison file and did not take into account all of the information relevant to a parole determination.  The commissioners are entitled to absolute immunity from § 1983 liability on these claims.

". . . [P]arole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).  Here, the alleged conduct plaintiff complains of regards the commissioners' decision to deny parole and the manner in which they arrived at that decision.  Thus, plaintiff's claims for damages against the commissioners are barred by the doctrine

-4-

of quasi-judicial immunity.[2]  In addition, the commissioners are entitled to immunity on plaintiff's claims for injunctive relief because plaintiff has not alleged that a declaratory decree was violated or declaratory relief was unavailable.  *See id.*  Accordingly, plaintiff's § 1983 action against Thompson, Clarke, and Arena will be dismissed in its entirety with prejudice.

## II. PLAINTIFF'S CLAIMS AGAINST PATAKI, ALEXANDER, AND FISCHER

Plaintiff claims Alexander and Fischer are liable for alleged violations of his constitutional rights because they knew of the constitutional violations but failed to act, were grossly negligent in managing/hiring/training subordinates, and were deliberately indifferent to the violations.  Plaintiff alleges Pataki is liable under § 1983 because he created an unconstitutional policy under which constitutional violations were allowed to occur.

## A. ELEVENTH AMENDMENT

Plaintiff's claims for damages against the state defendants in their official capacities are barred by the Eleventh Amendment.  *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002).  Accordingly, plaintiff's claims for nominal, compensatory, and punitive damages against Pataki, Alexander, and

---

[2] Plaintiff has not alleged that the exception to absolute immunity applies.  *See Montero*, 171 F.3d at 761 n. 2.

Fischer in their official capacities will be dismissed with prejudice.

## B. APPLICATION OF *WILKINSON V. DOTSON* TO PLAINTIFF'S DUE PROCESS CLAIMS

In *Wilkinson v. Dotson*, the Supreme Court summarized and restated its prior holdings that a state prisoner's claim is not actionable under § 1983, regardless of the relief sought, if success in the § 1983 action "would necessarily demonstrate" the invalidity of the prisoner's confinement or its duration unless the conviction or sentence has already been invalidated. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Habeas corpus is a prisoner's sole remedy for such claims. *See id.* at 78.

In this case, plaintiff's due process claims are actionable under § 1983 to the extent plaintiff seeks monetary relief and a new parole hearing. Plaintiff's due process claims are based on challenges to the procedures used during his parole hearing, and if plaintiff is successful in proving the procedures used were unconstitutional, he would not necessarily obtain earlier release from prison. At best, plaintiff would receive a new parole hearing, after which the Parole Board could again decide to deny parole. *See id.* at 82. As a result, plaintiff can maintain his due process claims for damages against Pataki, Alexander, and Fischer in their individual capacities and injunctive relief for a new parole hearing under § 1983.

-6-

However, the amended complaint also states that plaintiff seeks injunctive relief in the form of an order directing DOCS and the New York State Division of Parole to release him from confinement.  Such relief can only be sought in a habeas action, and therefore, plaintiff's due process claims seeking such relief will be dismissed without prejudice to permit plaintiff to refile these claims in a habeas petition.[3]

**C. DUE PROCESS CLAIMS**

The Court finds the amended complaint states a plausible due process claim against Pataki, Alexander, and Fischer upon which relief can be granted.  Thus, Pataki, Alexander, and Fischer's motion to dismiss plaintiff's due process claims will be denied.

**D. REMAINING CLAIMS**

The amended complaint also generally alleges violations of equal protection, the Eighth Amendment, and the Sixth Amendment.  Defendants do not specifically address plaintiff's equal protection claim, and therefore, the Court declines to dismiss plaintiff's equal protection claim at this time.  With regard to plaintiff's Eighth and Sixth Amendment claims, the Court finds the amended complaint fails to state a claim upon which relief can be granted, and the claims should be dismissed.

---

[3] To the extent plaintiff's other claims also seek injunctive relief in the form of plaintiff's release from prison, they are similarly not cognizable under § 1983.

To state a valid Eighth Amendment claim, a prisoner must allege a sufficiently serious deprivation.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The amended complaint does not allege any facts to plausibly suggest that the denial of plaintiff's parole resulted in a sufficiently serious deprivation.  Thus, this claim will be dismissed without prejudice.

It is not clear what the basis of plaintiff's Sixth Amendment claim is, but the Sixth Amendment applies to criminal prosecutions, and a parole hearing is not part of a criminal prosecution.  Thus, the amended complaint does not state a plausible Sixth Amendment claim, and it will be dismissed without prejudice.

## CONCLUSION

Based on the foregoing, plaintiff's claims against Thompson, Arena, and Clarke will be dismissed with prejudice. Plaintiff's claims for damages against Pataki, Alexander, and Fischer in their official capacities will be dismissed with prejudice.  Plaintiff's Sixth and Eighth Amendment claims against Alexander and Fischer in their individual and official capacities and Pataki in his official capacity will be dismissed without prejudice, and plaintiff's Due Process claims for immediate release against Alexander and Fischer in their individual and official capacities and Pataki in his official capacity will be

-8-

dismissed without prejudice.  Defendants' motion to dismiss will be denied in all other respects.  Accordingly,

IT IS ORDERED:

1) Thompson, Clarke, and Arena's motion to dismiss is granted.  Thompson, Clarke, and Arena are terminated as parties in this action.

2) Pataki's motion to dismiss plaintiff's claims against him in his official capacity is granted in accordance with this memorandum and denied in all other respects.

3) Alexander and Fischer's motion to dismiss is granted in accordance with this memorandum and denied in all other respects.

DATED this 22nd day of June, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-9-