UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LESTER WATTS,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE PATAKI; GEORGE B. ALEXANDER, NYS EXEC. DEPT. DIVISION OF PAROLE; BRIAN FISCHER, COMMISSIONER, NYS DOCS; SALLY A. THOMPSON, COMMISSIONER; JENNIFER ARENA, COMMISSIONER; VANESSA A. CLARKE, COMMISSIONER,<br><br>Defendants. | ) | 9:08-CV-92<br><br>MEMORANDUM OPINION |

This matter is before the Court on defendants Brian Fischer and George Alexander's motion for summary judgment (Filing No. 46).[1] Plaintiff did not file a response to the motion. Upon review, the Court finds defendants' motion should be granted.

**BACKGROUND**[2]

On January 2, 2002, plaintiff was sentenced to concurrent indeterminate terms of imprisonment of 5 to 10 years

---

[1] George Pataki was not served in his individual capacity (Filing No. 46-4, ¶¶ 3-5; Filing No. 41). The Office of the Attorney General appeared for the Governor only in his official capacity (Filing No. 41). All official capacity claims have already been dismissed, and accordingly, any claims against Governor Pataki in his individual capacity are not properly before the Court.

[2] The majority of background facts are taken directly from defendants' statement of material facts, as those facts are not controverted by the plaintiff. *See* L.R. 7.1(a)(3).

for criminal possession and criminal sale of a controlled substance in the third degree (Filing No. 46-1, ¶ 1). At the time this action was filed, plaintiff was incarcerated as an inmate in the custody of the New York State Department of Correctional Services (DOCS) (*Id.*, ¶ 2).

In 2004, plaintiff appeared before a merit board for parole release consideration, and merit release was denied (Filing No. 4, Ex. C at CM/ECF at 15-16). Plaintiff was denied parole after an appearance before the parole board in 2005, and plaintiff was denied parole again after an appearance before the parole board on September 4, 2007 (Filing No. 46-1, ¶¶ 3-4).

In May 2008, plaintiff commenced a CPLR Article 78 proceeding in the New York State Supreme Court to contest the September 4, 2007, denial of parole (*Id.*, ¶ 6). In his Article 78 petition, plaintiff claimed, in part, that the parole board failed to consider "each and every" relevant statutory factor, and instead, focused on plaintiff's offense (Filing No. 46-4, Ex. G at CM/ECF 43). Plaintiff also argued that the parole board's determination was improperly based upon application of the "Pataki Agenda" (*Id.*).[3] In an order and judgment dated October 10, 2008, the New York State Supreme Court denied and dismissed plaintiff's CPLR Article 78 petition, finding the parole board

[3] The "Pataki Agenda" is allegedly an executive policy to deny parole to all persons convicted of violent felony offenses (*See* Filing No. 46-2, ¶ 14).

considered the appropriate statutory factors, and there was no evidence in the record to support plaintiff's claim that the decision was the product of an executive policy to deny parole to similarly situated inmates (*Id.* at CM/ECF 43-44).

Plaintiff filed this 42 U.S.C. § 1983 action in January 2008. The amended complaint alleges violations of plaintiff's rights under the Sixth, Eighth, and Fourteenth Amendments to the Federal Constitution, as well as violations of due process and equal protection provisions of the New York State Constitution, stemming from plaintiff's parole denials. In July 2008, all defendants filed a motion to dismiss pursuant to Rule 12(b)(1), (6). In an order dated June 22, 2009, the Court dismissed (1) all claims against Sally Thompson, Jennifer Arena, and Vanessa Clarke; (2) all official capacity claims for damages; and (3) plaintiff's claims for Sixth and Eighth Amendment violations (Filing No. 38). The only claims that remain for consideration are plaintiff's due process and equal protection claims for damages against George Alexander, former Board of Parole Chairman, and Brian Fischer, DOCS Commissioner, in their individual capacities (Filing No. 46-1, ¶ 9).[4]

Plaintiff was released on parole on November 25, 2008 (*Id.*, ¶ 18). Plaintiff has failed to keep the Court appraised of

---

[4] Plaintiff's claims for injunctive relief in the form of a new parole hearing are rendered moot by plaintiff's release on parole, *see infra*.

his current address and did not appear for his deposition (*Id.*, ¶¶ 19-20).

**STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The Court must view the evidence in a light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor. *See Matsushita Elec. Indus.*, 475 U.S. at 587. However, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a

genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998).

## DISCUSSION

### I. FEDERAL CLAIMS

Plaintiff's complaint generally asserts three due process claims:

> First, plaintiff claims he has a due process right to have accurate information in his prison file pursuant to *Paine v. Baker*, 595 F.2d 197 (4th Cir. 1979). Plaintiff claims this right was violated because his file contained inaccurate information about his criminal history, which the parole board relied on to deny parole;
>
> Second, plaintiff claims he has a due process right to have the parole board consider all of the statutory factors in determining parole, and this right was violated because the parole board failed to consider all of the factors and followed the alleged "Pataki Agenda" in denying parole; and
>
> Third, plaintiff appears to argue that he had a due process right in parole because he was issued an earned eligibility certificate, and this right was violated.

Plaintiff's equal protection claim is based on the allegation that the parole board treated him differently than other similarly situated inmates because it focused on his offense and applied the "Pataki Agenda" when it denied parole.

**A. Personal Involvement**

It is well settled in the Second Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Liability in a § 1983 action cannot rest on respondeat superior. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Personal involvement "can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Id.* (quoting *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003)).

Plaintiff conclusorily alleges that Alexander and Fischer were personally involved in the alleged violations because they failed to remedy a wrong, allowed or encouraged parole board members to apply the "Pataki Agenda" when determining plaintiff's parole, and were grossly negligent in supervision and/or training subordinates who committed the

alleged violations. Plaintiff has not produced any factual support for these allegations.

Alexander and Fischer each submitted affidavits addressing the issue of their alleged personal involvement. Alexander's affidavit provides: Alexander did not participate in plaintiff's parole reviews in 2004 and 2005, was not on the parole board panel that presided over plaintiff's September 4, 2007, appearance, was not authorized to appoint members of the parole board, was appointed under former Governor Elliot Spitzer, was not personally aware of the alleged "Pataki Agenda," and did not seek or advise its implementation (*See* Filing No. 46-2). Fischer's affidavit provides: Fischer has never been a member or employee of the parole board, does not supervise the actions of parole board members, does not personally participate in the formulation of the policies or procedures applicable to the parole board, has no personal knowledge about the information supplied to the parole board in relation to plaintiff's parole board hearings in 2004, 2005, or 2007, and was not directly responsible for hiring or supervising the personnel who supplied the information (*See* Filing No. 46-3).

Plaintiff has not produced any evidence to controvert these affidavits. Based on the foregoing, the Court finds there is no evidence that Alexander and Fischer were personally involved in the alleged violations of plaintiff's due process and

equal protection rights. Plaintiff's § 1983 claims fail as a matter of law.

**B. Due Process Claims**

Plaintiff's due process claims also fail on the merits. With respect to plaintiff's first due process claim, while the Fourth Circuit has found that a prison inmate has a limited due process right to have incorrect information in his prison file expunged under certain circumstances, *see Paine*, 595 F.2d at 201-202, the Second Circuit has not recognized such a right, *see Rodriguez v. Greenfield,* 7 Fed. App'x 42, 44 (2d Cir. 2001) (unpublished); *LaBounty v. Coombe*, 208 F.3d 203 (2d Cir. 2000) (unpublished). Even if plaintiff had a right to an accurate prison file, the nature of the error alleged in this case,[5] especially in light of plaintiff's extensive criminal history, is not significant enough to give rise to a constitutional

---

[5] The erroneous information plaintiff claims was in his file is information that he was arrested for attempted robbery 2nd in 1984 while on parole (*See* Filing No. 4). Plaintiff recognizes this information is erroneous because he was incarcerated from September 28, 1983 until August 20, 1985. Plaintiff's accurate criminal history includes the following: a conviction upon a plea of guilty to attempted robbery-2 and attempted burglary-2 in 1982, a conviction upon a plea of guilty to burglary 3rd on March 1, 1984, and an arrest for burglary 3rd and criminal mischief with intent to damage property on December 1, 1985, while on parole, to which plaintiff was convicted upon a plea of guilty to attempted burglary 3 on January 23, 1986 (*Id.*). Plaintiff has also submitted a summary of plaintiff's criminal history that was apparently reviewed by the 2004 merit board, which states plaintiff's March 1, 1984 conviction was for "Rob 3" rather than burglary 3rd (*See* Filing No. 34).

violation. *See Paine*, 595 F.2d at 202 (stating the nature of the alleged false information is relevant to whether a valid constitutional claim has been alleged).

With respect to plaintiff's second due process claim, New York's parole scheme does not create a liberty interest in parole. *Barna v. Travis,* 239 F.3d 169, 171 (2d Cir. 2001) (per curiam). Assuming arguendo that plaintiff had a liberty interest in having the parole board consider the statutory factors in determining whether parole should be granted, there is no evidence that the parole board failed to consider the relevant factors or was aware of or followed an alleged "Pataki Agenda." The New York Supreme Court's findings with respect to plaintiff's Article 78 petition are in accord.

Finally, with respect to plaintiff's third due process claim, although, New York's general parole scheme does not create a legitimate expectation in parole, some courts have found N.Y. Correctional Law § 805 in connection with the issuance of a certificate of earned eligibility does give rise to a protected liberty interest. *See Schwartz v. Dennison*, 518 F. Supp. 2d 560, 571-572 (S.D.N.Y. 2007).

However, assuming N.Y. Correction Law § 805 created a protected liberty interest in favor of plaintiff, there is no genuine dispute that plaintiff received all of the process he was due. An inmate with a protected liberty interest created by a

parole statute, is entitled to "an opportunity to be heard, and when parole is denied [the Parole Board] informs the inmate in what respects he falls short of qualifying for parole." *Id.* at 572 (quoting *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16 (1979)). Plaintiff does not dispute that he was given the opportunity to be heard at his parole hearings, and there is no dispute that the parole board provided plaintiff with a statement of the reasons parole was denied after his 2007 appearance. As discussed above, there is no genuine dispute that the parole board considered the relevant factors in denying parole and did not rely on an alleged "Pataki Agenda."

Based on the foregoing, plaintiff's due process claims fail on the merits and will be dismissed.

**C. EQUAL PROTECTION CLAIM**

Plaintiff's equal protection claim also fails on the merits as there is no genuine dispute that the parole board considered the appropriate statutory factors and did not rely on a "Pataki Agenda" in denying plaintiff parole.

**II. STATE CLAIMS**

To the extent plaintiff's complaint asserts state law claims, the Court declines to exercise jurisdiction over the claims, having found that all federal claims should be dismissed. *See* 28 U.S.C. § 1367(c)(3). These claims will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, Alexander and Fischer's motion for summary judgment on all remaining § 1983 claims will be granted. Plaintiff's state law claims will be dismissed without prejudice. A separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of July, 2010.

BY THE COURT:

/s/ Lyle E. Strom

______________________________
LYLE E. STROM, Senior Judge
United States District Court